UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HEATH THOMAS CLYNE,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>WARDEN VALLEY,<br><br>　　　　　　Respondent. | Case No. 1:22-cv-00455-DCN<br><br>**INITIAL REVIEW ORDER** |

Petitioner Heath Thomas Clyne has filed a Petition for Writ of Habeas Corpus challenging his 2017 state court conviction for felony DUI. *See* Dkt. 4. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). For the following reasons, this case must be dismissed for lack of jurisdiction.

REVIEW OF PETITION

**1.　　Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4.

INITIAL REVIEW ORDER - 1

2.  **Discussion**

Petitioner previously brought a habeas corpus action in this Court challenging the same 2017 conviction. In 2019, that petition was dismissed with prejudice for failure to prosecute and failure to comply with a court order. *See Clyne v. Page*, No. 1:18-cv-00023-REB, Dkt. 22 (D. Idaho Sept. 30, 2019).

Before a prisoner can file a second or successive federal habeas corpus petition challenging the same conviction, parole revocation, or sentence as in a previous habeas corpus petition, he must first obtain authorization from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("[A] district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (internal quotation marks omitted).

The instant Petition challenges the same conviction that was adjudicated in Petitioner's previous federal habeas corpus action, and Petitioner has not shown that he has obtained the required authorization from the Ninth Circuit. Although Petitioner asks *this* Court to allow his successive petition, *see* Dkt. 1, it lacks authority to do so. Therefore, this case must be summarily dismissed.

**ORDER**

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 2) is GRANTED.

2. Petitioner's Application for Leave to File Second or Successive Habeas Petition (Dkt. 1) is DENIED.

3.  The Petition for Writ of Habeas Corpus (Dkt. 4) is DISMISSED without prejudice.

4.  The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner intends to appeal, he must file a timely notice of appeal in this Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: January 11, 2023

_____
David C. Nye
Chief U.S. District Court Judge